## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: | Chapter 11 Case No. 11-45190 |
| Lyman Holding Company, et al., | (Jointly Administered) |
| Debtors.[1] | Judge Katherine A. Constantine |

---

### NOTICE OF MOTION AND MOTION OF THE LIQUIDATING AGENT FOR A FINAL DECREE PURSUANT TO 11 U.S.C. § 350(A) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 3022 TO CLOSE JOINTLY ADMINISTERED CASES, TO PRESERVE CERTAIN CONTINGENT NONEXEMPT ASSETS PURSUANT TO 11 U.S.C. § 554(C), AND FOR RELATED RELIEF

---

TO:     The Debtors, all creditors, all parties in interest and all other entities specified in Local Rule 9013-3(b).

1.      Conway MacKenzie, Inc., in its capacity as the liquidating agent ("Liquidating Agent") for the bankruptcy estates of the above-captioned debtors ("Debtors"), hereby moves the Court for a Final Decree Pursuant to 11 U.S.C. § 350(A) and Federal Rule of Bankruptcy Procedure 3022 to Close Jointly Administered Cases, to Preserve Certain Contingent Nonexempt Assets Pursuant to 11 U.S.C. § 554(C), and For Related Relief ("Motion").

2.      The Court will hold a hearing on this Motion at 10:30 on July 26, 2017, in Courtroom No. 2C, United States Courthouse, 316 North Robert Street, St. Paul, Minnesota, 55101.

---

[1]  Jointly administered estates of the following Debtors: Lyman Holding Company Case No. BKY 11-45190, Lyman Lumber Company Case No. BKY 11-45191, Automated Building Components, Inc. Case No. BKY 11-45192, Building Materials Wholesalers, Inc. Case No. BKY 11-45193, Carpentry Contractors Corp. Case No. BKY 11-45194, Construction Mortgage Investors Co. Case No. BKY 11-45196, Lyman Development Co. Case No. BKY 11-45199, Lyman Lumber Wisconsin, Inc. Case No. BKY 11-45201, Lyman Properties, L.L.C. Case No. BKY 11-45202, Mid-America Cedar, Inc. Case No. BKY 11-45203, Woodinville Lumber, Inc. Case No. BKY 11-45204, Woodinville Construction Services, L.L.C. Case No. BKY 11-45206.

3.      Any response to this motion must be filed and served no later than July 21, 2017, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays).  **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT A HEARING**.  In the event a response is timely filed, and the Court determines there are facts in dispute which require an evidentiary hearing, the Liquidating Agent requests that the Court treat the hearing scheduled above as a scheduling conference for purposes of setting the matter for evidentiary hearing.

4.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      This Motion arises and is filed under 11 U.S.C. §§ 350(a) and 554(c); Fed. R. Bankr. P. 2002, Fed. R. Bankr. P. 3022 and Fed. R. Bankr. P. 9013; Local Rules 9006-1, 9013-1 through 9013-3, and 9017-1; and other applicable rules.

## BACKGROUND

6.      The petitions commencing these Chapter 11 cases were filed on August 4, 2011 ("Petition Date").

7.      On February 28, 2013, the Court confirmed a Second Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Committee of Unsecured Creditors dated January 18, 2013 ("Plan").  Under the Plan, the Liquidating Agent was appointed to act as the representative of the Debtors' bankruptcy estates within the meaning of 11 U.S.C. § 1123(b)(3)(B).  The Plan followed the closing of sales of most of the Debtors' operating assets and contemplated the liquidation of any remaining unsold assets.

8.    As of the date hereof, the Liquidating Agent with the assistance of counsel and in consultation with the Oversight Committee, as defined in the Plan, has liquidated all or substantially all of the Debtors' assets.

9.    The bankruptcy estate retains a contingent interest in class action lawsuit ("Class Action Claim"), currently pending in United States Court of Federal Claims and identified by Case No.1:00-CV-103L.   The Liquidating Agent believes that the value of the Class Action Claim is approximately, $683,858.47, less attorneys' fees owed to the counsel for the class. Because of pending appeals, the Liquidating Agent understands that the bankruptcy estate will not recover any payment or distribution in connection with the Class Action Claim for at least 18 to 24 months.

10.    With the exception of the Class Action Claim, the Liquidating Agent believes that substantially all issues related to the Debtors' estates have been resolved, and any issues that remain unresolved as of the filing of this Motion will not require any judicial intervention.

**RELIEF REQUESTED**

11.    Liquidating Agent requests that this Court enter an order and final decree closing these jointly administered bankruptcy cases, while preserving the bankruptcy estate's interest in the Class Action Claim in accordance with Section 554(c) of the Bankruptcy Code.

12.    Pursuant to Local Rule 9013-2(a), this motion is verified and is accompanied by a memorandum, proposed order, and proof of service.

13.    Pursuant to Local Rule 9013-2(c), the Liquidating Agent gives notice that if an evidentiary hearing is held, it may, if necessary, call Kevin Berry and John Kotas, representatives of the Liquidating Agent.   The Liquidating Agent reserves the right to supplement its witness

list to add additional witnesses or to expand the scope of expected testimony of identified witnesses prior to any evidentiary hearing.

## **NO PREVIOUS REQUEST**

14.    No previous request for the relief sought herein has been made by the Liquidating Agent.

WHEREFORE, the Liquidating Agent respectfully requests that the Court:

A.    Enter a Final Decree, substantially in the form submitted herewith, thereby providing for the closing of the Bankruptcy Case and the additional relief requested herein.

B.    Preserve the bankruptcy estate's interest in the contingent Class Action Claim, and determine that such interest is not abandoned and will remain an asset of the bankruptcy estate after the closing of this case, in accordance with the terms of the proposed Final Decree.

C.    Provide to the Liquidating Agent all such other and further relief to which it has shown itself to be justly entitled.

Respectfully submitted,

Dated:  June 22, 2017                BARNES & THORNBURG LLP


By:    /e/ Christopher J. Knapp
       Christopher J. Knapp, #0344412
       2800 Capella Tower
       225 South Sixth Street
       Minneapolis, Minnesota 55402-4662
       Telephone:612.333.2111
       Facsimile: 612.333.6798
       christopher.knapp@btlaw.com

ATTORNEYS FOR CONWAY MACKENZIE, INC., AS LIQUIDATING AGENT

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Lyman Holding Company, et al,

Debtors[1]

Chapter 11 Case No. 11-45190

(Jointly Administered)

Judge Katherine A. Constantine

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A FINAL DECREE PURSUANT TO 11 U.S.C. § 350(A) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 3022 TO CLOSE JOINTLY ADMINISTERED CASES, TO PRESERVE CERTAIN CONTINGENT NONEXEMPT ASSETS PURSUANT TO 11 U.S.C. § 554(C), AND FOR RELATED RELIEF

Conway MacKenzie, Inc., in its capacity as the liquidating agent ("Liquidating Agent") for the bankruptcy estates of the above-captioned debtors ("Debtors"), by and through the undersigned counsel, hereby submits this *Memorandum of Law in Support of Motion for a Final Decree Pursuant to 11 U.S.C. § 350(A) and Federal Rule of Bankruptcy Procedure 3022 to Close Jointly Administered Cases, to Preserve Certain Contingent Nonexempt Assets pursuant to 11 U.S.C. § 554(C), and Granting Related Relief* ("Motion").

## I.    JURISDICTION.

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]  Jointly administered estates of the following Debtors: Lyman Holding Company Case No. BKY 11-45190, Lyman Lumber Company Case No. BKY 11-45191, Automated Building Components, Inc. Case No. BKY 1145192, Building Materials Wholesalers, Inc. Case No. BKY 11-45193, Carpentry Contractors Corp. Case No. BKY 11-45194, Construction Mortgage Investors Co. Case No. BKY 11-45196, Lyman Development Co. Case No. BKY 11-45199, Lyman Lumber Wisconsin, Inc. Case No. BKY 11-45201, Lyman Properties, L.L.C. Case No. BKY 1145202, Mid-America Cedar, Inc. Case No. BKY 11-45203, Woodinville Lumber, Inc. Case No. BKY 11-45204, Woodinville Construction Services, L.L.C. Case No. BKY 11-45206

3.     The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105(a)

350(a) and 554(c), and Rule 3022 of the Federal Rules of Bankruptcy Procedure.

## II.     FACTUAL BACKGROUND.

### A.     Procedural History.

4.     On August 4, 2011, 300 LHC, Inc. (f/k/a/ Lyman Holding Company), 300 LYLC,

Inc. (f/k/a Lyman Lumber Company), 300 ABC, Inc. (f/k/a Automated Building Components,

Inc.), 300 BMW, Inc. (f/k/a Building Materials Wholesalers, Inc.), 300 CCC, Inc. (f/k/a

Carpentry Contractors Corp.), 300 CMIC, Inc. (f/k/a Construction Mortgage Investors Co.), 300

LDC, Inc. (f/k/a Lyman Development Co.), 300 LLW, Inc. (f/k/a Lyman Lumber Wisconsin,

Inc.), 300 LYP L.L.C. (f/k/a Lyman Properties, L.L.C.), 300 MAC, Inc. (f/k/a Mid-America

Cedar, Inc.), 300 WLI, Inc. (f/k/a Woodinville Lumber, Inc.), 300 WCS, L.L.C (f/k/a

Woodinville Construction Services, L.L.C.) (collectively, "Debtors") filed voluntary bankruptcy

petitions under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") in the

United States Bankruptcy Court for the District of Minnesota ("Bankruptcy Court").

5.     By Order dated February 28, 2013, the Bankruptcy Court confirmed the Second

Amended Joint Chapter 11 Plan of Liquidation of the Debtors and Official Committee of

Unsecured Creditors dated January 18, 2013 ("Plan").  In accordance with Section 10.2 of the

Plan, the Plan became effective on March 15, 2013.  The Plan is final and nonappealable.

6.     The Plan followed the closing of sales of most of the Debtors' operating assets

and contemplated the liquidation of any remaining unsold assets.  The powers and duties of the

Liquidating Agent are set forth in Section 5.1.3 of the Plan.  The Liquidating Agent is authorized

to act as the representative of the Debtors' bankruptcy estates within the meaning of 11 U.S.C.

§ 1123(b)(3)(B), to pursue property rights of the Debtors, and to act in the best interest of the

Debtors' creditors.  Section 5.1.3(t) of the Plan grants the Liquidating Agent the power and authority to administer the closure of the Chapter 11 cases.

7.    Under Section 5.1.4 of the Plan, the Liquidating Agent is entitled to reasonable compensation, has the power to retain professionals without court approval to assist in its duties, and may pay such professionals reasonable compensation and expenses, subject to the consent of the "Oversight Committee."[2]  Section 5.1.4 of the Plan further provides that fees that the Debtors' professionals incur on behalf of the Debtors after the Effective Date in connection with the implementation of this Plan may be paid out of the Liquidating Fund, subject to the Liquidating Agent and Oversight Committee's consent.  In accordance with the Plan, the Liquidating Agent retained counsel and other professionals to carry out its duties under the Plan.

8.    As of the date hereof, the Liquidating Agent in consultation with the Oversight Committee, and with the assistance of its counsel and other professionals, has liquidated all or substantially all of the Debtors' assets.

**B.    The Class Action Lawsuit.**

9.    The bankruptcy estate retains a contingent interest in a class action lawsuit ("Class Action Claim"), currently pending in United States Court of Federal Claims and identified by Case No.1:00-CV-103L ("Class Action Lawsuit").  The Class Action Lawsuit stems from certain land that was previously held as a right-of-way by the Burlington Northern and Santa Fe Railway Company ("Burlington Northern").  Rather than abandon the right-of-way, Burlington Northern requested and received Notices of Interim Trail Use or Abandonment

---

[2] Under Section 1.50 of the Plan, "Oversight Committee" means the committee comprised of (a) four of the unsecured creditors that served on the official committee of the unsecured creditors appointed in these Chapter 11 Cases and (b) the Liquidating Agent, appointed to monitor the liquidation activities set forth in the Plan.  The powers and duties of the Oversight Committee are described in Article V of the Plan.

("NITUs") from the federal government's Surface Transportation Board allowing use of the right-of-way as a trail for the public.  Pursuant to the NITU, Burlington Northern's interest in the right-of-way was transferred to King County, Washington, as trail operator. The class members contend that the issuance of the NITUs constituted a taking of their property interests without compensation in contravention of the Fifth Amendment to the Constitution, and are seeking compensation.

10.     The real property that serves as a basis for the bankruptcy estate's Class Action Claim was originally held by Debtor 300 WLI, Inc. (f/k/a Woodinville Lumber, Inc.).  It is located at 15900 and 15902 Woodinville-Redmond Road, Woodinville, WA 98072.

11.     The law firm of Stewart Wald and McCully of Kansas City, Missouri ("Class Action Counsel") serves as the lead counsel for the class members.  Class Action Counsel has estimated that the value of the Class Action Claim is approximately, $683,858.47, less attorneys' fees owed to the Class Action Counsel.  However, Class Action Counsel has also represented to the Liquidating Agent that, because of certain objections from other class members and because of pending appeals, the Liquidating Agent will not recover any payment or distribution in connection with the Class Action Claim for at least 18 to 24 months.

12.     The bankruptcy estate is administratively insolvent.  As of the date hereof, the Liquidating Agent retains less than $14,325.54 in available funds.  Approximately $1,201,523.26 is owed to professionals under the Plan.  The Liquidating Agent believes that the likelihood of some recovery on the Class Action Claim is high, which can be used to pay the professionals' administrative fees of the Liquidating Agent.   The Liquidating Agent believes that any distribution to unsecured creditors is unlikely.

13.    The Liquidating Agent believes that, in large part, all issues related to the Debtors' estates have been resolved, and any issues that remain unresolved as of the filing of this Motion will not require any judicial intervention.  Accordingly, the Liquidating Agent believes that it is in all parties' interest to close the bankruptcy case while preserving the interest in the Class Action Claim.

### III.    RELIEF REQUESTED

14.    By this Motion, the Liquidating Agent requests, pursuant to Sections 350(a) and 554(c) of the Bankruptcy Code, and Rule 3022 of the Federal Rules of Bankruptcy Procedure, entry of a final decree substantially in the form submitted herewith, closing the Chapter 11 cases of the Debtors.

### IV.    LAW AND ARGUMENT

**A.    The Standard for Closing the Bankruptcy Case.**

15.    Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a).  Bankruptcy Rule 3022, which implements Section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

16.    The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules.  The Advisory Committee Note to Bankruptcy Rule 3022, however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

    a.    whether the order confirming the plan has become final;

    b.   whether deposits required by the plan have been distributed;

    c.   whether the property proposed by the plan to be transferred has been transferred;

    d.   whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan;

    e.   whether payments under the plan have commenced; and

    f.   whether all motions, contested matters, and adversary proceedings have been finally resolved.

See, e.g., *In re Union Home & Indus., Inc.*, 375 B.R. 912, 916 (B.A.P. 10th Cir. 2007) (recognizing that bankruptcy courts weigh the factors contained in the Advisory Committee Note when deciding whether to close a case); *In re Johnson*, 402 B.R. 851, 856 (Bankr. N.D. Ind. 2009) (same); *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990) (weighing the factors contained in the Advisory Committee Note when deciding whether to close the debtor's chapter 11 case).  The Editors' Comment to Bankruptcy Rule 3022 describes it as "a flexible Rule to permit the court to determine that an estate is fully administered and should be closed even though payments or other activities involving the debtor and its creditors might continue." *In re Gould*, No. 03-51180, 2010 WL 3834344, at *4 (D. Conn. Sept. 30, 2010) (quoting Fed. R. Bankr. P. 3022 ed. cmt). The Editors' Comment further notes that "the Advisory Committee interprets 'fully administered' very loosely and encourages courts to use substantially more discretion in deciding whether to close a Chapter 11 case than [Section 350 of the Bankruptcy Code and the Rule 3022] literally read." *Id.*

    17.   Courts have recognized that the above factors are non-exclusive and are "plainly an aid or checklist that serves to insure that there is no unfinished business before the Court or in the case." *In re Kliegl Bros. Universal Elec. Stage Lighting Co.*, 238 B.R. 531, 542 (Bankr.

E.D.N.Y. 1999*); In re IDC Servs., Inc.*, 1998 WL 547085, at *3-4 (S.D.N.Y. Aug. 28, 1998) (stating that the factors provide a "flexible standard" and holding that the bankruptcy court was not clearly erroneous in closing the debtor's case when the plan had been confirmed and all disputed claims, save one, had been resolved). The entry of a final decree is essentially an administrative task. *Kliegl Bros.*, 238 B.R. at 541; see *In re Gould*, 2010 WL 3834344, at *3 (noting that a final decree "simply delineates on the docket that the case is closed; it represents the administrative conclusion of the case for record keeping purposes") (quoting *In re Fibermark, Inc.*, 369 B.R. 761, 765, 767 (Bankr. D. Vt. 2007)).

18.    In addition to the factors set forth in the Advisory Committee Note, in determining whether to issue a final decree, courts have considered whether the Chapter 11 plan has been substantially consummated. *Johnson*, 402 B.R. at 856 (considering substantial consummation as a factor in determining whether to close a case); *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (same); *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) (same).

19.    A case may be fully administered even though all payments to creditors have not been completed. *In re Ground Systems, Inc.*, 213 B.R. 1016, 1019 (9th Cir. BAP 1997). Rather, if payments under the plan have commenced and there are no contested matters or adversary proceedings pending or likely to be filed, the case may be closed. *In re D & L Nicolaysen*, 228 B.R. 252, 261 (Bankr. E.D. Cal.).

20.    "The final decree does not adjudicate any rights between the parties and is more of an administrative step to allow the clerk's office to dispose of the fully administered case file. The final decree is rarely entered at the exact point in time when a case becomes fully

administered." *In re Indian Creek Ltd. P'ship*, 205 B.R. 609, 611 (Bankr. D. Ariz. 1997)

(quoting *In re Beechknoll Nursing Homes, Inc.*, 202 B.R. 260, 261 (Bankr.S.D.Ohio 1996)).

21.    Other bankruptcy courts have held that the closing of a bankruptcy case is an

administrative step and does not deprive the Court of jurisdiction over matters relevant to the

case. *In re Taylor*, 216 B.R. 515, 521-22 (Bankr. E.D. Pa. 1998); *In re Statistical Tabulating

Corp.*, 60 F.3d 1286, 1289-90 (7th Cir.1995), cert. denied sub nom. *LaSalle Bank Lake View v.

United States*, 516 U.S. 1093, 116 S.Ct. 815, 133 L.Ed.2d 759 (1996); and *In re Germaine*, 152

B.R. 619, 624 (9th Cir. BAP 1993). A matter over which a bankruptcy court has jurisdiction can

be considered by that court even if the case is closed. *Koehler v. Grant*, 213 B.R. 567, 569-70

(8th Cir. BAP 1997).

**B.    The Bankruptcy Case Has Been Fully Administered.**

22.    The Debtors' Chapter 11 cases have been "fully administered" within the

meaning of Section 350 of the Bankruptcy Code. 11 U.S.C. § 350(a). The Plan has been

substantially consummated within the meaning of Section 1101(2) of the Bankruptcy Code. 11

U.S.C. § 1101(2).

23.    Among other things:

a.    The order confirming the Plan is final and nonappealable.

b.    The Plan became effective on March 15, 2013.

c.    All taxes owing to the local taxing authorities have been paid.

d.    All U.S. trustee's fees have been paid.

e.    To the extent of available funds, all payments under the Plan have been or
will be made.

f.    Substantially all assets of the Debtors have been liquidated.

8

g.    All disputes have been resolved and there are no open adversary proceedings or any other contested matters pending before the Bankruptcy Court.

h.    All Debtors have been wound down and are not operating.

24.    The Plan has been substantially consummated, making it appropriate for the Court to enter a final decree closing the Chapter 11 cases of the Debtors.

25.    Allowing the Bankruptcy Case to be closed at this time will eliminate the unnecessary ongoing expenses, including the costs of document storage and the quarterly fees payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6).  *See, e.g., Jay Bee Enters*., 207 B.R. at 539 (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" caused by continuing accrual of § 1930(a)(6) fees); *In re Jr. Food Mart of Arkansas, Inc*., 201 B.R. 522, 524 (Bankr. E.D. Ark. 1996) (closing case "in order that no further [§ 1930(a)(6)] fees accrue").

26.    In connection with the wind-up of all responsibilities under the Plan, there are certain remaining tasks that the Liquidating Agent needs to complete.  These include filing certain tax returns and disposing of any documents and other records of the Debtors that remain within its possession, custody or control.  Notwithstanding such outstanding matters, the Liquidating Agent submits, for reasons set forth herein, that a final decree may be entered in the Bankruptcy Case to close the case because the Debtors' estates have been "fully administered" as contemplated by Section 350(a) of the Bankruptcy Code.

**C.**   **The Class Action Claim Should Remain Property of the Estate After Closure.**

27.     Bankruptcy Rule 3022 indicates that entry of a "final decree" is a prerequisite to closing.  Fed. R. Bankr. P. 3022.  Although essentially ministerial, the closing of a case may trigger abandonment to the debtor of scheduled property of the estate that is unadministered.

28.     Section 554 of the Bankruptcy provides that:

> (c) Unless the court orders otherwise, any property scheduled under Section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of Section 350 of this title.

> (d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

The savings clause of Subsection (d) has been interpreted to prevent automatic abandonment only of unscheduled and unknown property. See, *In re Enriquez*, 22 B.R. 934 (Bankr.D.Neb.1982); 4 Collier on Bankruptcy ¶ 554.03, p. 554–11 (15th ed. 1986).

29.     Bankruptcy courts have discretion to order that an unadministered asset remain property of the bankruptcy estate after the case is closed. *In re Hart*, 76 B.R. 774 (Bankr. C.D. Cal. 1987).  Courts have primarily exercised this discretion when an asset has little to no value at the time of the case closing, but some future, contingent event may realize substantial value of the asset.  *See, e.g., id.* at 777; *In re Jarrett*, 2014 Bankr. LEXIS 1504 (Bankr. M.D.N.C.); *In re Prospero*, 107 B.R. 732 (Bankr. C.D. Cal. 1989). Where the triggering event is remote enough that "no useful purpose would be served by requiring the [representative of the estate] keep [the] case open," courts have allowed the asset to remain property of the estate after closure.  *Hart*, 76 B.R. at 778.

30.     Here, the Class Action Claim should remain property of the bankruptcy estate. First, the potential proceeds from the interest in the Class Action Claim have significant value,

with an estimated recovery of $683,858.47, less attorneys' fees owed to the Class Action

Counsel.  Second, resolution of the Class Action Lawsuit is a well-defined and contingent event,

which does not require any further action by the Liquidating Agent.  Third, the resolution of the

Class Action is not likely to occur soon, as the Class Action Counsel has estimated that the

bankruptcy estate will not realize any recovery for at least 18 to 24 months.

31.    For these reasons, the Liquidating Agent contends that the preservation of the

Class Action Claim in accordance with Section 554(c) of the Bankruptcy Code is in the best

interest of all parties.  Abandonment of this asset would preclude payment to professionals and

others creditors of these bankruptcy estates in the event of a recovery.

## V.    CONCLUSION

32.    For the foregoing reason, the Liquidating Agent respectfully requests that the

Court (a) enter a Final Decree, substantially in the form submitted herewith, thereby providing

for the closing of the Bankruptcy Case and the additional relief requested herein, (b) preserve the

bankruptcy estate's interest in the contingent Class Action Claim, and determine that such

interest is not abandoned and will remain an asset of the bankruptcy estate after the closing of

this case, in accordance with the terms of the proposed Final Decree, and (c) provide to the

Liquidating Agent all such other and further relief to which it is justly entitled.

Dated:  June 22, 2017                          BARNES & THORNBURG LLP

                                         By:    /e/ Christopher J. Knapp
                                            Connie A. Lahn, #0269219
                                            Christopher J. Knapp, #0344412
                                   225 South Sixth Street, Suite 2800
                                   Minneapolis, Minnesota 55402-4662
                                   Telephone:    612.333.2111
                                   Facsimile:    612.333.6798
                                   Connie.Lahn@btlaw.com
                                   Christopher.Knapp@btlaw.com
                                   ATTORNEYS  FOR  CONWAY  MACKENZIE,
                                   INC., AS LIQUIDATING AGENT

## VERIFICATION

I, Kevin Berry, on behalf of Conway MacKenzie, as liquidating agent for the Debtors'
bankruptcy estates, declare under penalty of perjury that the facts set forth in the preceding
Motion for Final Decree Pursuant to 11 U.S.C. § 350(A) and Federal Rule of Bankruptcy
Procedure 3022 to Close Jointly Administered Cases, to Preserve Certain Contingent Nonexempt
Assets, and For Related Relief, are true and correct to the best of my knowledge, information and
belief from information obtained from Debtors' books and records or other information provided
by the Debtors.

<div style="margin-left: 40%;">
CONWAY MACKENZIE,<br>
as liquidating agent for the Debtors'<br>
bankruptcy estates
</div>

Dated: June 22, 2017           By: _____
                                    Kevin Berry

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Lyman Holding Company, et al,

Debtors[1]

Chapter 11 Case No. 11-45190

(Jointly Administered)

Katherine A. Constantine

## FINAL DECREE CLOSING THE DEBTORS' CHAPTER 11 CASES

This matter came before the undersigned on July 26, 2017 at 10:30 a.m., on the *Motion for a Final Decree Pursuant to 11 U.S.C. § 350(A) and Federal Rule of Bankruptcy Procedure 3022 to Close Jointly Administered Cases, to Preserve Certain Contingent Nonexempt Assets Pursuant to 11 U.S.C. § 554(C), and Granting Related Relief* ("Motion"), filed by Conway MacKenzie, Inc., in its capacity as the liquidating agent ("Liquidating Agent") for the bankruptcy estates of the above-captioned debtors ("Debtors"), under the Second Amended Joint Chapter 11 Plan of Liquidation of the Debtors and the Official Unsecured Creditors dated January 18, 2013 ("Plan").   Appearances are noted in the record.

Based upon the arguments of counsel, all the files, records and proceedings herein, the Court being advised in the premises, the Court finds and concludes as follows: (i) the Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) the Motion constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); (iii) notice of the Motion and of the deadline for objections to the Motion was duly provided and sufficient,

---

[1]   Jointly administered estates of the following Debtors: Lyman Holding Company Case No. BKY 11-45190, Lyman Lumber Company Case No. BKY 11-45191, Automated Building Components, Inc. Case No. BKY 1145192, Building Materials Wholesalers, Inc. Case No. BKY 11-45193, Carpentry Contractors Corp. Case No. BKY 11-45194, Construction Mortgage Investors Co. Case No. BKY 11-45196, Lyman Development Co. Case No. BKY 11-45199, Lyman Lumber Wisconsin, Inc. Case No. BKY 11-45201, Lyman Properties, L.L.C. Case No. BKY 1145202, Mid-America Cedar, Inc. Case No. BKY 11-45203, Woodinville Lumber, Inc. Case No. BKY 11-45204, Woodinville Construction Services, L.L.C. Case No. BKY 11-45206.

and no further or additional notice is required; (iv) the Motion is unopposed, inasmuch as no objections or other responses were timely filed in opposition to the Motion; (v) the estate of the Debtors has been "fully administered" within the meaning of 11 U.S.C. § 350(a) and the Plan has been "substantially consummated" as defined in both 11 U.S.C. § 1101(2) and the Plan; (vi) the Movants have set forth sufficient legal and factual bases in the Motion to establish that just and sufficient cause exists to grant the relief requested therein; and (vii) the relief granted herein is in the best interests of the Debtors, creditors, equity interest holders, and all other parties in interest.

Accordingly, IT IS HEREBY ORDERED:

1.    The Motion is granted.

2.    The Bankruptcy Cases, Jointly Administered under Case No. 11-45190, are hereby closed; provided, however, that such closing shall be without prejudice to the right of the Liquidating Agent or any other party in interest to request that the Bankruptcy Case be re-opened for cause, and the Court shall retain jurisdiction as provided for in Article XII of the Plan to address any matter arising under or related to implementation of the Plan.

3.    The bankruptcy estate shall retain its contingent interest in the class action lawsuit, currently pending in United States Court of Federal Claims and identified by Case No.1:00-CV-103L, the proceeds of which, if any, shall become part of the Liquidating Fund (as defined in the Plan), to be distributed on a pro rata basis, first to pay professional fees and other expenses of the Liquidating Agent in administering Liquidating Fund, and then to other creditors in accordance with Article VI of the Plan.

4.    The Liquidating Agent is hereby authorized to take such actions as he deems necessary or advisable to (a) effectuate the wind down and dissolution and/or termination of the Debtors, and (b) dispose of any documents and other records of the Debtors that remain within

its possession, custody or control.

5.      The Liquidating Agent is hereby fully released and discharged of any further duties and obligations under the Plan, effective as of the date on which it has completed all of the tasks necessary in order to fully and completely wind down or terminate the Debtors, made any remaining distributions under the Plan to professionals or other creditors (to the extent of any available estate assets), and otherwise complied with its obligations under the terms of the Plan.

6.      All injunctions imposed by order of the Court or otherwise provided for pursuant to the Plan and the Confirmation Order, the Bankruptcy Code, or otherwise shall continue to remain in full force and effect after entry of this Final Decree and the closing of the Bankruptcy Case.

7.      The Court shall retain jurisdiction to hear and determine any and all disputes arising from or related to the interpretation or implementation of this Final Decree.

Dated: _____, 2017

_____
United States Bankruptcy Judge
Judge Katherine A. Constantine